## STATE v. EVAN LEWIS.

Court of Quarter Sessions. Kent. November, 1818.

*Clayton's Notebook, 115.*

*Thomas Clayton* and *Henry Ridgely* for defendant objected that Mrs. Nancy Riley should have been summoned to prove this herself.

*Brinckle* and *John Clayton* for the State said the testimony went to prove the falsehood of the charge of Lewis, which was absolutely necessary to be shown in order to support the indictment. After argument the testimony was admitted. (Hearsay good by way of illustration. Macnal.Ev. 360, Bull.N.P. 294.) William Kollock, another member of the grand jury, was then offered by the counsel for the State.

The counsel for defendant objected that a grand juryman could not be called to disclose evidence given before the grand jury; that such a course would be to stifle criminal prosecutions, as many would not give evidence to the grand jury if they were to be publicly exposed, etc. That the criminal would often escape if the evidence were exposed. The grand jury are all

bound by their oaths not to reveal the secrets of their fellows or the counsel of the State. They cited Macnal.Ev. 253; Clayt. (anonymous case) 84, pl. 14[0]; 12 Vin.Abr. 20, title "Evidence" 1.·H. p. 1; (*et vide* Parker's *Conductor Generalis* 525, 3 Co.Inst. 107, Fin. 29, Lamb.Eiren. 402.) They cited also 4 Bl.Comm. 126. (*Sic vide* Tri. per Pais 226, my Gilb.Ev. 62, s. 79 and 80.)

State in reply. This testimony would not tend to stifle but to purify the course of justice. Criminals could never escape, because it is not contended that a juror should disclose a presentment before the criminal is arrested. Here the bill has long since been returned *ignoramus,* and jury have been discharged. The oaths of the jurors do not bind them to keep such secrets forever, but only while public justice shall require it, for then only is it "the counsel of the State." The secret nature of the crime is such that evidence of it could not be obtained in any other way. The whole register in this indictment is laid before the grand jury, and you might as well permit them to demur to our indictment as to reject the evidence. If a man perjure himself before the grand jury, shall he not be punished for it? He cannot be unless the jurymen are witnesses; so here too jurymen must often be witnesses—suppose a murder by one of another, conspiracy against government, etc. The cases in Macnally's Evidence, Viner's Abridgement, and Clayton's Reports and Pleas of Assizes at York are all the same—all taken from Clayton, and he queries in the margin, stating the strong case of perjury. The counsel then have stated but one authority in point, and that is doubted. 4 Bl.Comm. 126 has nothing to do with the case; it is there said the juror shall not disclose to the person indicted etc., which is not denied.[1] To every oath like this there is an implied exception that the party taking it will give evidence to promote public justice. See a case in point—*Lee, qui tam, v. Bissel,* 3 Camp.N.P. 337, Phill.Ev. 104—case of clerk to the commissioners of the property tax.

PER CURIAM. After much deliberation we are of opinion that in this case the grand juror is not a witness, though as to the case of perjury we think differently.

After another argument it was decided that a juror might swear to these facts, however, *viz.:* that Lewis charged Mr. Wallace before the juror with this crime out of·the juryroom and before he was examined; that Lewis was sworn before the grand jury; that the usual memorandum containing the names of Lewis

---

[1] Footnote by Clayton, "Note the case of *Rex v. Barber,* 1 Root 76, where a prisoner had procured a witness to go away, evidence of what he testified before the grand jury was admitted. Phill. Ev. 200, n. a."

and Riley as witnesses on the indictment against Wallace was sent up to the jury, the loss of that memorandum having been first proved by Harper, the clerk, on oath.

*Thomas Clayton* moved to strike out Bell's testimony, a grand juror who had given in all his evidence before the exception was taken. The counsel for the State opposed, and the Court decided that the objection came too late. (*Sed vide* 2 Esp.N.P. 346, N.Y. ed.,[2] and the numerous cases there cited.[3] *Contra* for the State, 4 Burr. 2252, [2] Esp.N.P. 408.)

The jury were out about seven hours, and verdict not guilty.

---

[2] This reference and the next following reference to Esp. N. P. are to the first "Gould edition," 2 vols., New York, 1811.

[3] Footnote by Clayton, "For the prisoner's objection, 1 Macnal. Ev. 146; yet such *objections in criminal cases are always allowed, and so I think the Court was wrong.*"